IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SAMUEL KINUTHIA GICHARU**, | Case No. 3:24-cv-349-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **MERRICK GARLAND, MARTIN O'MALLEY, DAVID T. WESLING,** and **SUSAN DIBBINS**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Samuel Kinuthia Gicharu, representing himself, brings this case against the U.S. Attorney Merrick Garland, the Commissioner of Social Security Martin O'Malley (Commissioner), and other federal officers. On April 3, 2024, the undersigned District Judge denied Plaintiff's motion for preliminary injunctive relief, styled as a motion for temporary restraining order but requesting a preliminary injunction lasting through a decision on the merits, which requested an order that the Commissioner continue to pay Plaintiff Social Security benefits during the pendency of this case. The Court concluded that Plaintiff failed to show a likelihood of success or even raise serious questions that he would succeed on the merits of his challenge to the Commissioner's denial of benefits. The Commissioner stopped paying Plaintiff's Social Security benefits upon a determination that Plaintiff was not lawfully residing in this country. The Court also held that Plaintiff failed to show irreparable harm because his claimed injury is financial and thus compensable with damages.

PAGE 1 – ORDER

On April 18, 2024, Plaintiff moved for reconsideration, arguing that the Court's denial of preliminary injunctive relief was "manifestly unjust" because Plaintiff raised serious questions whether he lawfully resides in the United States. Plaintiff, however, did not submit any evidence or argument supporting this contention. Plaintiff also argued that the Court's denial was unjust because Plaintiff had paid money into the Social Security program for 20 years and if he is not entitled to a monthly withdrawal, then he should be refunded what he paid. The Court rejected this argument as unrelated to the merits of whether Plaintiff is barred from receiving benefits because he is not lawfully residing in the United States and because it was unrelated to whether Plaintiff had shown irreparable harm. The Court denied Plaintiff's motion for reconsideration, which the Court construed as under Rule 54(b) of the Federal Rules of Civil Procedure.

Before the Court is Plaintiff's second motion for reconsideration, brought under Rule 60 of the Federal Rules of Civil Procedure. The Court's Order denying Plaintiff's motion for preliminary injunctive relief, however, was an interlocutory order. As such, it is not a "final" order as that term is used in Rule 60. It may be an appealable interlocutory order, under 28 U.S.C. § 1292(a)(1), but is still an interlocutory order. Thus, as the Court set forth in its previous Order denying Plaintiff's first motion for reconsideration, the Court applies Rule 54(b) in considering Plaintiff's motion for reconsideration.[1] *See Jenkins v. Haaland*, 2021 WL 5565447,

---

[1] When reconsidering an interlocutory order, district courts in the Ninth Circuit have stated:

> Motions to reconsider under Rule 54(b), while generally disfavored, may be granted if: (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in law that was

PAGE 2 – ORDER

at *2 (D. Utah Nov. 29, 2021) ("Because an order denying a motion for temporary restraining order or preliminary injunction is non-final, neither Rule 59(e) nor Rule 60(b) applies and the Motion for Reconsideration is properly construed under Rule 54(b)." (footnote citation to *Druley v. Patton*, 601 F. App'x 632, 634 (10th Cir. 2015)).

Plaintiff argues that the Court erred in concluding that Plaintiff failed to show irreparable harm. Plaintiff contends that Defendants' cessation of Social Security payments have left Plaintiff "no funds" to support himself in retirement, including to purchase health insurance. Conduct that results in an inability to afford life's necessities or forced loss of medical insurance may, in some circumstances, result in irreparable harm. *See, e.g.*, *United Steel Workers of America v. Textron, Inc.*, 836 F.2d 6, 8 (1st Cir. 1987); *Paulsen v. Renaissance Equity Holdings, LLC*, 849 F. Supp. 2d 335, 359-60 (E.D.N.Y. 2012); *Mattina v. Kingsbridge Heights Rehab. & Care Ctr.*, 2008 WL 3833949, at *25 (S.D.N.Y. Aug. 14, 2008), *aff'd*, 329 F. App'x 319 (2d Cir. 2009).

There are two problems with Plaintiff's argument. The first is that Plaintiff provides no evidence to support his contention. For example, he provides no evidence of his income or assets (or lack thereof), or even a sworn declaration attesting to his financial circumstances or inability to obtain medical insurance. *See, e.g.*, *Elias v. Connett*, 908 F.2d 521, 526 (9th Cir. 1990) (rejecting argument of irreparable harm from a plaintiff claiming a levy by the Internal Revenue

---

> decided or enacted after the court's decision; or (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision.

*In re Galena Biopharma, Inc. Derivative Litig.*, 2014 WL 5494890 (D. Or. Oct. 30, 2014) (quoting *Lyden v. Nike, Inc.*, 2014 WL 4631206, at *1 (D. Or. Sept. 15, 2014)); *see also Stockamp & Assocs. v. Accretive Health*, 2005 WL 425456, at *6-7 (D. Or. Feb. 18, 2005) (discussing the four factors as set forth in the local rules of the Central District of California and applied by other district courts within the Ninth Circuit).

PAGE 3 – ORDER

Service would leave the plaintiff destitute when the record contained nothing other than a statement from the plaintiff—it did not contain evidence such as the plaintiff's monthly income and assets remaining after the levy to pay life's necessities). The Court notes that Plaintiff did not request to proceed *in forma pauperis* in this litigation, which requires filing a financial disclosure form that describes assets such as bank account balances and sources of income over the past 12 months. Instead, Plaintiff paid the filing fee. It is Plaintiff's burden to show irreparable harm and Plaintiff has not met that burden on this ground, nor the high burden to show that the extraordinary remedy of reconsideration is warranted.

The second problem with Plaintiff's argument is that the Ninth Circuit has explained "that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). In the analogous employment context, when an employee faced lost income from job termination, the Ninth Circuit has explained that "a plaintiff able to show only economic loss as the result of discharge would rarely prevail in a claim for injunctive relief." *Garcia v. Lawn*, 805 F.2d 1400, 1405 (9th Cir. 1986). A plaintiff generally fails to articulate irreparable harm when claiming only "monetary harm or financial hardship if denied relief." *Elias*, 908 F.2d at 526.

Plaintiff next argues that he is likely to succeed on his underlying claim for benefits because the Social Security Protection Act of 2004 (SS Protection Act) carves out an exception for persons deported only for being in the country illegally versus committing a crime, and that exception applies to Plaintiff. It appears that Plaintiff is referring to the SS Protection Act's reference in 42 U.S.C. § 402(n)(1) to Section 237 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1). The SS Protection Act provides that persons who are deported

under § 237(a) of the INA, *except for paragraph (1)(c)*, are no longer eligible for Social Security benefits. 42 U.S.C. § 402(n)(1). The persons described as deportable and therefore ineligible for benefits under the referenced clause of the INA include persons who were inadmissible at the time of entry or adjustment of status and persons who were present in the United States in violation of that chapter of the INA or other law. 8 U.S.C. § 1227(a)(1)(A)-(B). The description of a person in the excepted provision in the SS Protection Act described by Plaintiff, and therefore not ineligible based on that clause, is someone "admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted or to which it was changed under section 1258 of this title, or to comply with the conditions of any such status" or any alien who failed to comply with the terms and conditions of admittance, are deportable. *Id.* § 1227(a)(1)(C).

Plaintiff offers no evidence that § 402(n)(1)'s reference to INA § 237(a) was the basis of the Commissioner's decision terminating Plaintiff's Social Security benefits. Even if it were, Plaintiff fails to provide any *evidence* that he was admitted as a nonimmigrant and that the determination that he was unlawfully in this country is because he failed to maintain his nonimmigrant status or the status to which it was changed, or that he otherwise was lawfully in this country and failed to comply with the terms and conditions of admittance. As previously noted, it is Plaintiff's burden to show that he is entitled to injunctive relief and to show that he is entitled to the extraordinary remedy of reconsideration.

Additionally, Plaintiff fails to show that he exhausted his administrative remedies and therefore is entitled to petition this Court for relief regarding his right to Social Security benefits. Plaintiff's complaint attaches the page of the letter he received from the Social Security Administration terminating his benefits and providing him information regarding his right to

PAGE 5 – ORDER

appeal that decision to the administration. He provides no evidence or allegations regarding his administrative appeals, however, which generally involve administrative decisions and then a hearing before an administrative law judge. *See, e.g.*, *Nadon v. O'Malley*, 2024 WL 2723953, at *4 (D. Mont. May 28, 2024) (describing the administrative appeal process).

Plaintiff brings his claim for Social Security benefits under 42 U.S.C. § 405(g). "Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g). The Supreme Court has stated that § 405(g) 'clearly limits judicial review to a particular type of agency action, a *final decision* of the Secretary made *after a hearing*.'" *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (emphasis in *Subia*) (quoting *Califano v. Sanders*, 430 U.S. 99, 108 (1977)); *see also Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (explaining that § 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted" (cleaned up)). The exhaustion requirement may be waived by the agency or excused by the courts. *Smith*, 139 S. Ct. at 1774.

A court may excuse the exhaustion requirement if a plaintiff alleges a (1) colorable constitutional claim that is (2) collateral to a substantive claim of entitlement and (3) whose resolution would not serve the purpose of exhaustion. *See Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992). Plaintiff alleges that his due process and Fifth Amendment rights have been violated by the Commissioner in terminating Plaintiff's Social Security benefits, but as the Ninth Circuit has explained:

> The mere allegation of a substantive due process violation is not sufficient to raise a "colorable" constitutional claim to provide subject matter jurisdiction. If the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then

PAGE 6 – ORDER

> every decision of the Secretary would be judicially reviewable by
> the inclusion of the magic words" "arbitrary" or "capricious."

*Id.* at 992. At this stage in the proceedings, Plaintiff fails to show a likelihood of success, or even serious doubts, regarding his constitutional claims sufficient to excuse his failure to exhaust his administrative remedies.

Plaintiff also reiterates his argument that if he is not entitled to Social Security benefits then the money he paid into the Social Security system should be refunded, with interest. Plaintiff analogizes his payments to an overpayment of taxes. He also contends that allowing him to deposit money without providing him Social Security benefits constitutes a "taking" under the Fifth Amendment. As the Court explained in its previous Order, any claim Plaintiff believes he has for a refund is not relevant to whether Plaintiff's claim that he *is* entitled to benefits has merit and supports preliminary injunctive relief from this Court requiring that Plaintiff's monthly benefit payments restart. At best, it would be a separate legal claim for money damages requesting a refund. *Cf. Elias*, 908 F.2d at 526 (denying the plaintiff's request for an injunction stopping a tax levy and explaining that the plaintiff "has a remedy at law. He can pay the assessments and file an action for a refund").

Plaintiff fails to meet his burden to show that he is entitled to the extraordinary remedy of reconsideration. The Court DENIES the portion of Plaintiff's filing, ECF 11, that seeks reconsideration of the Court's denial of Plaintiff's motion for preliminary injunctive relief.

**IT IS SO ORDERED.**

DATED this 11th day of June, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 7 – ORDER